| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | **PERLA MARIA MEREZKO** | Social Security number or ITIN | xxx–xx–2063 |
| | First Name  Middle Name  Last Name | EIN | _ _–_ _ _ _ _ _ _ |
| Debtor 2 (Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN | _ _ _ _ |
| | | EIN | _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court | **District of Nevada** | Date case filed in chapter **13** | **11/18/19** |
| Case number: | **19–17398–btb** | Date case converted to chapter **7** | **8/7/20** |

Official Form 309B (For Individuals or Joint Debtors)
**Notice of Chapter 7 Bankruptcy Case –– Proof of Claim Deadline Set**  12/15

**For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.**

**This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.**

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

**To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.**

**Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.**

| | | **About Debtor 1:** | **About Debtor 2:** |
|---|---|---|---|
| 1. | **Debtor's full name** | PERLA MARIA MEREZKO | |
| 2. | **All other names used in the last 8 years** | aka PERLA GABARRE, aka PERLA MACIAS | |
| 3. | **Address** | 7813 RIVIERA BEACH DRIVE<br>LAS VEGAS, NV 89128 | |
| 4. | **Debtor's attorney**<br>Name and address | STEVEN A ALPERT<br>PRICE LAW GROUP, APC<br>5940 S. RAINBOW BLVD, STE 3014<br>LAS VEGAS, NV 89118 | Contact phone (702) 794–2008<br>Email: enotice@pricelawgroup.com |
| 5. | **Bankruptcy trustee**<br>Name and address | TROY S. FOX<br>601 S TENTH ST<br>LAS VEGAS, NV 89101 | Contact phone 702 382–1007 |

**For more information, see page 2 >**

Official Form 309B (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case –– Proof of Claim Deadline Set**   page **1**

Debtor **PERLA MARIA MEREZKO**     Case number **19–17398–btb**

| | | |
|---|---|---|
| **6. Bankruptcy clerk's office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | 300 Las Vegas Blvd., South<br>Las Vegas, NV 89101 | Office Hours: 9:00 AM – 4:00 PM<br><br>Contact phone: (702) 527–7000<br><br>Date: 8/10/20 |
| **7. Meeting of creditors**<br><br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **September 9, 2020 at 01:00 PM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket. | **BY VIDEOCONFERENCE**<br><br>Trustee: TROY S. FOX<br>Zoom URL:<br>https://zoom.us/j/8682592729<br>Passcode: Fox341; Zoom Meeting ID: 868–259–2729 |
| **8. Presumption of abuse**<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. | |
| **9. Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4) or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline: 11/9/20** |
| | **Deadline for all creditors to file a proof of claim (except governmental units):** | **Filing deadline: 10/16/20** |
| | **Deadline for governmental units to file a proof of claim:** | **Filing deadline: 2/3/21** |
| | **Deadlines for filing proof of claim:**<br><br>A proof of claim is a signed statement describing a creditor's claim. A proof of claim form may be obtained at www.uscourts.gov or any bankruptcy clerk's office. If you do not file a proof of claim by the deadline, you might not be paid on your claim. To be paid, you must file a proof of claim even if your claim is listed in the schedules that the debtor filed.<br>Secured creditors retain rights in their collateral regardless of whether they file a proof of claim. Filing a proof of claim submits the creditor to the jurisdiction of the bankruptcy court, with consequences a lawyer can explain. For example, a secured creditor who files a proof of claim may surrender important nonmonetary rights, including the right to a jury trial. | |
| | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| **10. Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| **11. Liquidation of the debtor's property and payment of creditors' claims** | The bankruptcy trustee listed on the front of this notice will collect and sell the debtor's property that is not exempt. If the trustee can collect enough money, creditors may be paid some or all of the debts owed to them in the order specified by the Bankruptcy Code. To ensure you receive any share of that money, you must file a proof of claim as described above. | |
| **12. Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. | |